THE SHELL COMPANY (P. R.) LTD., Plaintiff and Appellee, *v.* GREGORIO CORTÉS, Defendant, and MARCELINO GONZÁLEZ, Defendant and Appellant.

No. 6342. Argued May 9, 1934.—Decided May 11, 1934.

*E. H. F. Dottin* for appellant. *Jaime Sifre, Jr.,* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

The Shell Co. (P. R.) Ltd. brought, in the Municipal Court of San Juan, Second Section, an action against Gregorio Cortés and Marcelino González for the recovery of $415, together with interest thereon and costs. It alleged, in short, that Cortés purchased gasoline from plaintiff and had a current account with it; that he owed the plaintiff the sum of $415, and that González served as surety for Cortés up to the amount of $500, and became under the contract, which was attached to the complaint, a real solidary debtor.

Only González appeared to defend the suit. His answer contains, among others, the following allegations:

"The defendant appearing herein further alleges that from the 4th of September 1928, when the contract of suretyship was signed, to the 31st of October 1928, when the dealings between the principal debtor, Cortés, and the plaintiff ceased, the said defendant Gregorio Cortés purchased on credit 1,000 gallons of gasoline, at 23 cents each, amounting to $230, and 750 gallons at 22 cents per gallon, amounting to $165, in all a total of $395.

"The defendant Marcelino González further alleges that the principal debtor Gregorio Cortés made payments on account of the debt of $395 amounting to $347.25, and that after this latter sum of $347.25 is deducted from $395, there is an outstanding balance of $47.75, which the defendant has at all times been willing to pay to the plaintiff who has refused to receive what is justly owed to it."

The prayer of the answer is as follows:

"Wherefore, the defendant prays this Hon. Court that judgment be rendered in due course dismissing the complaint as regards

the sum of $415 claimed and sustaining it as to the sum of $47.75, without special imposition of costs.''

After the case had been decided by the municipal court, an appeal was taken to the district court, which, upon a trial *de novo,* adjudged the defendant González to pay to the plaintiff ''$20 with legal interest from the date of the filing of the complaint, that is, from June 4, 1929, and the costs of the suit, including the costs, disbursements, and attorney's fees which he agreed to pay under the contract of suretyship.''

Feeling aggrieved by that judgment, González appealed to this Supreme Court ''in so far as the pronouncement of costs and attorney's fees'' contained in the judgment is concerned, and he assigns in his brief two errors. The first refers to a certain amendment to the answer which the district court refused and which in our opinion is of no importance. The second assignment raises the real question in controversy, to wit: whether the trial court was justified in adjudging the defendant González to pay costs and attorney's fees.

We know that the plaintiff claimed $450. We also know what the defendant answered. He admitted owing even more than what the court held he owed to the plaintiff. Plaintiff's claim was not well founded. The evidence showed that it failed to apply to the open account guaranteed by the defendant González, certain sums of money that the defendant Cortés delivered to it, and that it applied them to an old debt that Cortés had with it. The issues of law and of fact which gave rise to the suit were clearly decided in favor of the defendant González and against the plaintiff. In spite of that, González was adjudged to pay costs and attorney's fees. Why? Because, as said by the trial court in its opinion and again in its judgment, he agreed to such payment in the contract of suretyship.

The said contract reads as follows:

"8. The solidary surety waives his right to be sued in the courts of his domicile and submits to the jurisdiction of any competent insular court wherein The Shell Company (Porto Rico) Ltd. may bring a suit against this solidary surety, and the latter agrees to pay the costs, expenses, disbursements, and attorney's fees incurred by reason of such suit."

In our opinion, the obligation was contracted for justifiable suits and not for actions brought without any justification. Hence we consider that the lower court could have disregarded said obligation and ought to have exercised its discretion as in any other case.

In support of the assertion that the lower court committed no error, the plaintiff and appellee invokes sections 328 and 336 of the Code of Civil Procedure.

Section 328 is not in force. It was repealed by an Act of March 12, 1908. See the 1933 edition of the Code of Civil Procedure, p. 155.

Section 336 reads thus:

"When, in an action for the recovery of money only, the defendant alleges in his answer that before the commencement of the action he tendered to the plaintiff the full amount to which he is entitled, and thereupon deposits in court for plaintiff the amount so tendered, and the allegation be found to be true, the plaintiff cannot recover costs, but must pay costs to the defendant."

This section is not applicable to the case at bar. If the defendant had acted in the manner provided therein, then, as a matter of right the plaintiff would not have recovered the costs but would have had to pay those of the defendant.

The case must therefore be governed by the general provisions contained in section 327 of the Code of Civil Procedure, as the same has been in force since 1917. Code of Civil Procedure, 1933 ed., p. 155.

Recently, in the case of *Otero & Núñez* v. *Succrs. of Pérez,* 46 P.R.R. 4, 12, we said:

"The appellant also urges that, as the court reduced the amount of the damages claimed, the imposition of costs was not justified.

664

"We do not agree to that, either. It is a circumstance which might be considered by the court in exercising its discretion to impose the costs, as well as to determine the amount thereof, but we can not accept that the mere fact that the claim for damages is reduced should necessarily mean that no costs could be imposed.

"It is true that a party from whom an excessive amount is claimed is entitled to defend himself, but if that is his only defense, he should confine himself to pleading the same and admitting the corresponding liability. If he does this and the court adjudges him to be right, it is then clear that no costs could be imposed."

This disposes of the question at issue. A person who defends himself, as the defendant surety did in the instant case, and who obtains from the court full recognition of his attitude within the litigation, as happened here, should by no means be bound to pay the costs of the suit, especially when such costs include attorney's fees.

The appeal will be sustained and that part of the judgment appealed from, that is, the pronouncement as to costs and attorney's fees, must be reversed, the case being thus decided without special imposition of costs, as prayed for in the answer filed by the defendant González.